ATHAIA and ABAGAIL STARKEY, by next friend, *v.*
A. R. HAMMER and RICHARD BELCHER, and
BELCHER *v.* A. R. HAMMER, CASSANDRA
STARKEY *et al.*

1. PRACTICE. *Decrees and judgments may be attacked collaterally.*
*When.* If a decree for the sale of land be void for failure to
show upon its face, the Court was warranted in rendering the
same, or the pleadings are insufficient to give proper jurisdic-
tion, the sale may be invalidated by a collateral proceeding.
2. SAME. *Same. Evidence.* But the evidence which guided the
Court rendering the decree can not be looked to for this pur-
pose.
Cases cited: 1 Head, 555; 10 Hum., 208; 6 Hum., 444; 5 Hum.,
313, 315; 4 Sneed, 371.
3. SAME. *Same. Decree void. When.* Where a sale of land for
the payment of debts is procured by an administrator, and the
decree fails to show the estate's liabilities, to whom due, or
the amount of assets belonging to the estate, it is void upon its
face.
4. SALE OF LAND. *Belonging to persons under disability. Witness
purchaser at.* Where the sale of land is decreed under the
statute, because it is manifestly to the interest of the persons
under disability, the same will be void if a purchaser of the
property be guardian, next friend, or witness.
Code cited: §§ 3,339, 3,333, 3,336, 3,338.
5. SAME. *Same. When void. Cloud upon title. Remedy.* While the
person under disability may bring ejectment for the land, they
are not confined to this remedy, but the Chancery Court has
original jurisdiction to remove the cloud from a void title.
6. SAME. *Same. Rents and profits. Who are entitled to.* Upon
recovery in such case by the persons under disability, they will
be entitled to an account for rents and profits in their favor.
7. ARGUENDO. *Same. Permanent improvements. Taxes.* The party
ejected will be entitled to an account of permanent improve-
ments, to the extent they have enhanced the value of the land,
not to exceed the rents and profits, and also for the taxes paid.
8. ARGUENDO. *Same. Widow's dower.* The widow not filing any
bill, and being estopped by having procured the sale, a purchas-

Starkey *et al. v.* Hammer *et al.*

er of the land will be entitled to the dower estate, and he will not be allowed an account on ejectment for rents and profits or taxes paid, therefore, as to these lands.

9. ARGUENDO. *Same. Account for proceeds.* In such case no account can be had as to money that has been paid upon debts of the estate, where the administrator is not a party to complainant's bill.

10. ARGUENDO. *Same. Rights of purchaser.* The purchaser under a void sale of this character will be entitled to have such sums as were paid to the mother as guardian of the children (complainants in this case) repaid to him, but the amounts received by the mother herself will be a payment on the dower estate, not to exceed the value of the same.

---

FROM WARREN.

---

Appeal from the Chancery Court. A. S. MARKS, Chancellor.

SAVAGE & SWOFFORD for Starkey.

MURRAY & SPURLOCK for Hammer.

W. D. CLIFT and W. E. B. JONES for Belcher.

FREEMAN, J., delivered the opinion of the Court.

The original bill in this case is filed by Athaia and Abagail Starkey, by next friend, as heirs of Isaiah Starkey, deceased, to set aside and declare void a sale made by the Chancery Court, at McMinnville, in the year 1859 or 1860, as a cloud on complainants' title.

Numerous allegations are made charging that the sale was made or procured to be made by the fraud and connivance of defendant (Hammer) with the administrator of Starkey, and that the mother of complainants was induced by persuasion, fraud and mis-

representation of said Hammer and his friends, to submit to the proceedings, which we need not specially notice, as they are unnecessary to the decision of the case, in the view we have taken of it.

The sale sought to be declared void by this proceeding was had under a bill filed by Cassandra Starkey and Samuel Hopkins (the first widow of Isaiah Starkey, and the latter the administrator of said Starkey, though he is not so styled in commencement of the bill, yet the fact appears from the body of it). It was filed against the heirs of said Isaiah Starkey, deceased, and alleges substantially, on the part of said administrator that he had sold all his intestate's personal estate, except two little negroes, and that the personal effects that have come to his hands, as administrator, are inadequate to the payment of the debts; that after exhausting said personal estate, except said negroes, there will remain an unpaid balance of from two to three hundred dollars of debts against the estate.

The bill represents further that the two children, the present plaintiffs, were of very tender age, and the mother was their guardian, and claims that the other defendants were the other children of Isaiah Starkey, and had been advanced in his life-time their full share of his estate, so that they would be entitled to the entire balance of his realty, subject to the widow's dower.

We may add here that the Chancellor so found and decreed accordingly, from which there was no

appeal, and the matter rests as decreed. It appears from the bill that the ancestor left them two tracts of land, one in Warren County, which the bill sought to sell.

The grounds on which the sale is sought are first, for payment of debts, second, because manifestly for the interests of the minors to sell, for the reasons given in the bill. We need not at present notice the reasons given in the bill, why it is claimed the interests of the minors demanded a sale of this tract of land. Suffice it to say, that if sustained by proper proof before the Chancellor, they would in a properly conducted proceeding have probably furnished grounds on which to sustain a decree for a sale. We need not examine the question as to whether the proof in the record of the original proceeding was sufficient, and such as the law required. As we have settled, after a careful review of the authorities and cases in Tennessee, in the case of *Kendall* v. *Frazer Titus,* at Jackson last term, that in such a proceeding as this, seeking to attack the validity of a decree for sale of land collaterally, we can only look at the pleadings to see whether it alleges suffi-cient ground on which the jurisdiction of the Court to make the sale can stand, and at the face of the decree to see whether upon the facts assumed to appear by the Court, whether the Court was author-ized to make the decree for sale.

The jurisdiction and the proper facts appearing in the decree, as found to exist by the Chancellor,

whether the proof warranted his conclusions or not, is a question only to be looked to on a direct proceeding on appeal or writ of error to reverse the decree, but not in a collateral proceeding, which would amount to giving jurisdiction to Courts of only equal or concurrent jurisdiction to revise, correct or declare void the decrees made by like Courts with themselves. In other words, the pleadings showing the jurisdiction of the Courts over the parties and subject matter, and the decree finding facts to exist, which authorized the action of the Court, under the statutes in a collateral proceeding. The decree thus made must stand, regardless of whether there was sufficient proof on which it should have been made or not. This principle we deem perfectly sound, and one so perfectly based on uniform decisions of our Courts in reference to decrees and judgments of all Courts, from a Justice of the Peace to the highest tribunals, that we do not deem it necessary to again review the question. See 1 Head, 555; 10 Hum., 208; 6 Hum., 444; 5 Hum., 313, 315; 4 Sneed, 371.

The only questions presented on this branch of the case are, do the pleadings on their faces show jurisdiction of the Court over the subject matter, and allege such facts as would give the Court authority, if made out by proof to make the sales, and if so, whether the decree assumes on its face such facts as warranted the decree made.

We may assume that on a fair construction of

the allegations of the bill as to the exhaustion of the personalty, that the fact is charged that the personalty was exhausted, or at any rate so clearly ascertained to be insufficient for the payment of debts, that a sale of the land, or a portion of it at least, was necessrry to pay a balance of between two and three hundred dollars. But on looking at the decrees in the case, we find that on the 27th day of September, 1859, the cause came on to be heard, when a decree was entered ordering the Clerk to report instanter, as to the amounts of assets and debts, and on same day a decree for sale of the land was had.

This decree fails to show the amount of debts due, to whom due, or the amount of assets. Without noticing other defects in the proceeding, as a bill to sell land for the payment of debts, it is sufficient to say that the decree on its face is void, not showing on its face such facts as authorized the Court to decree the sale as required by the case.

The bill, however, evidently goes mainly on the ground that a sale is manifestly to the interests of the minors. The bill itself alleges a state of facts, as we have said, that probably authorized the sale, if the Court should find such facts made out by the proof as are alleged. We look to the decree and find it assumes the fact to be shown that it was to the interest of the parties to sell the land, and under the rule we have laid down, we are not at liberty to look into the proof to see whether the Chancellor drew the correct conclu-

sion from the evidence.　　We need not further examine this aspect of the case.

It appears, however, that the purchaser (Hammer) was one of the witnesses examined on the question, whether it was manifestly to the interests of the minors that the land should be sold, and the question is then presented as to whether this renders the sale void under § 3,339 of the Code, which is as follows: "No guardian, next friend, or *witness* in such a cause shall purchase at such sale, or at any time afterwards, until five years from the removal of the existing disabilities; and if any such person should make such purchase, the original sale shall become void, and the infant or married woman may bring ejectment for the land, as if no sale had been made."

It is insisted for defendant (Hammer) that this sale is not made under the provisions of the chapter of the Code from which the above section is quoted, providing for the "sale of property of persons under disability;" but that chapter applies alone to sales of such property, where the object is re-investment of the fund.　But it will be seen on looking at the cases in which such sales may be made, as given in § 3,333, that there are two: First, when it is necessary for the support, education and maintenance of the person under disability; second, wfien it is manifestly for the interest of such persons— that is, on other grounds than provided in the first instance mentioned.　The grounds on which the sale in this case is sought, is precisely the one provided for in

this chapter, and a sale for this purpose must conform substantially with its provisions as provided by § 3,336, or the party purchasing will not get a valid title. In addition it will be seen that in § 3,338 it is provided that the Court shall see that the proceeds are re-invested in lands, bonds of this State or of the United States. It is also provided it may be loaned out on good mortgages, showing that the reinvestment in other property was not the sole object of the statute, but that the money itself realized from the sale might be kept and an income from it used for the benefit of the person under disability. It is urged that it is provided in the section making the sale void when purchased by a witness, "the infants or married woman may bring ejectment for the land," and therefore they are confined to this remedy. We can not so restrict the statutes. This remedy is given, it is true, but was not intended to be exclusive, or to oust the Chancery Court of its original jurisdiction to remove a cloud from a valid title. The object of the statute was to prevent purchases by witnesses who had given evidence tending to show the necessity of the sale, and for this purpose they are forbidden to buy, and their purchase declared void, and we can but enforce the provisions of the statute. The sale is therefore void for this reason, as to the minors, and they will be entitled to a decree for the land and an account of rents and profits in their favor, and respondents will be entitled to an account of permanent improvements, to the extent that such improvements have enhanced the value of the land, the

value of the improvements not to exceed the rents and profits, and also taxes paid. This extends, however, only to so much of the land as is not included in the widow's dower.

As to the widow's dower, she not having filed any bill, and probably being bound anyway by way of estoppel by the sale procured by herself, the purchaser will be entitled to this land during her life.

It appears further in this case that various sums have been paid into Court by Hammer, the purchaser. He will be entitled to have such sums as were paid to the mother as guardian for the children accounted for and repaid him, and such sums as may have been paid or received by the widow herself will be a payment on the dower interest, not exceeding value of dower interest.

Belcher, the purchaser from Hammer, has filed his bill, consolidated and heard with the case, in which he seeks to attach land and effects of Hammer, to reimburse himself for purchase-money paid by him. As he loses the land except the dower interest, he will be entitled to a decree against Hammer for all the money paid by him, except for value of dower interest, which he retains, and for sale of the property attached, and also have all money that may be found coming to Hammer on account taken or under control of the Court, appropriated to his reimbursement.

No account can be taken as to the money that may have been paid on debts of estate of Starkey,

as the administrator is not a party to this bill of complainants in any way.

The two cases will be remanded to the Chancery Court, to be proceeded in, when proper accounts as directed can be taken, and such others as may be necessary to ascertain and effectuate the rights of the parties to the original bill as well as of the complainant, Belcher, the purchaser in the second bill filed.

Respondent (Hammer) will pay the costs of the original bill in this Court and in the Court below, and also of the bill filed by Belcher.